IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DAVID E. WILLIAMS                                                                                       PETITIONER
ADC #77847

V.                                          NO. 5:06CV00100 JLH/JWC

LARRY NORRIS, Director,                                                                          RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and two copies of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**RECOMMENDED DISPOSITION**

David E. Williams, an inmate serving a life sentence in the Arkansas Department of Correction pursuant to a 1980 capital murder conviction, brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2). Respondent has filed a motion to dismiss the petition as successive (docket entry #12), and Petitioner has responded (docket entry #13). For the reasons that follow, the petition should be DISMISSED.

I.

Following a jury trial in February 1980 in the Circuit Court of Miller County, Arkansas, Petitioner was convicted of capital murder and sentenced to death. (Resp't Ex. A.) In a direct appeal, the Arkansas Supreme Court affirmed his conviction but reduced his sentence to life imprisonment without parole. Williams v. State, 621 S.W.2d 686 (Ark. 1981), cert. denied, 459 U.S. 1042 (1982).

In 1983, Petitioner filed a habeas petition in federal court, challenging the Miller County conviction and sentence. (Resp't Ex. B.) His claims were dismissed as

procedurally defaulted due to his failure to first properly present them to the state courts, as conclusory and without factual basis, or as not cognizable in a federal habeas proceeding.  Williams v. Lockhart, No. PB-C-83-209 (E.D. Ark. Nov. 15, 1983) (Resp't Ex. C).  Petitioner's motion for rehearing and his application for a certificate of probable cause to appeal were denied by the District Court.  (Resp't Ex. D.)  The Eighth Circuit Court of Appeals also denied his application for certificate of probable cause.  (Resp't Ex. E).

Petitioner filed his next federal habeas petition on August 3, 1992, challenging the same conviction and sentence.  (Resp't Ex. F.)  His claims were dismissed as successive and as an abuse of the writ.  Williams v. Norris, No. 92-4092 (W.D. Ark. Jan. 31, 1994) (Resp't Ex. G).  The Eighth Circuit denied Petitioner's application for a certificate of probable cause to appeal, as well as his petition for rehearing.  (Resp't Ex. H.)

On November 29, 1999, Petitioner filed his third federal habeas petition challenging this conviction and sentence.  (Resp't Ex. I.)  His petition was dismissed because it was successive and Petitioner had not obtained an order from the Eighth Circuit authorizing him to proceed.  Williams v. Norris, No. 5:99cv00454 (E.D. Ark. Feb. 4, 2000) (Resp't Ex. J). The Eighth Circuit subsequently denied his petition for authorization to file a successive habeas application.  (Resp't Ex. K.)

On April 24, 2006, Petitioner filed this, his fourth, petition.  He advances the following claims for relief:

> 1.   His conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure;
>
> 2.   His conviction was obtained by use of evidence obtained pursuant to an unlawful arrest;

      3.    His conviction was obtained by the unconstitutional failure of the prosecution to disclose to Petitioner evidence favorable to the defense; and

      4.    His conviction was obtained by action of a jury which was unconstitutionally selected and impaneled.

II.

Substantial difficulties exist for individuals attempting to bring second or successive federal habeas petitions. Specifically, 28 U.S.C. § 2244(b)(3)(A) provides:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Until such an order is obtained from the appropriate court of appeals, the district court has no jurisdiction to consider a successive petition. Williams v. Hopkins, 130 F.3d 333, 336 (8th Cir. 1997); see also Robinson v. Johnson, 313 F.3d 128, 138 (11th Cir. 2002), cert. denied, 540 U.S. 826 (2003) (collecting cases); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (anyone who files a successive petition must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction or transferred to the court of appeals). If a panel of the court of appeals certifies the petition to meet the requirements of § 2244(b),[1] the petition will be allowed to proceed in the district court. 28 U.S.C. § 2244(b)(3).

This petition is clearly "second or successive" within the literal meaning of the statute: it raises claims concerning the same conviction to which Petitioner's prior § 2254

---

[1] This provision requires dismissal of any claims that were presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A claim not previously presented must be dismissed unless (1) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence *and* the underlying facts, if proven and viewed in light of the evidence as a whole, establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. Id. § 2244(b)(2).

petitions were addressed.  Wainwright v. Norris, 121 F.3d 339, 340 (8th Cir. 1997). However, an "overly literal" construction of the statute should be avoided, Vancleave v. Norris, 150 F.3d 926, 928 (8th Cir. 1998), and a first petition will be disregarded in some circumstances, such as when it is dismissed without prejudice as premature or for failure to exhaust state remedies.  See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000) (second petition not successive where first petition was dismissed for failure to exhaust, without adjudicating any claims); Stewart v. Martinez-Villareal, 523 U.S. 637, 644-45 (1998) (where competency for execution claim dismissed without prejudice as premature from first petition, petitioner can bring the claim again when ripe without authorization under successive-petition statute).

However, unlike the above cases, none of Petitioner's previous petitions was dismissed without prejudice.  See Fed. R. Civ. P. 41(b) (unless district court's order specifies otherwise or in three listed situations not applicable here, involuntary dismissal "operates as an adjudication upon the merits"); Charles Alan Wright & Arthur R. Miller, 9 Fed. Prac. & Proc. Civ. 2d § 2373 (2006) ("Thus [an involuntary dismissal] is, in the phrase commonly used by the federal courts, 'with prejudice.'").

Petitioner contends that none of the courts considering his earlier claims adjudicated the merits of his allegations.  The plain language of § 2244(b) "precludes any claim 'presented' in the first [habeas] action, rather than 'adjudicated' 'on the merits' in the first action." Wainwright, 121 F.3d at 340; see also Graham v. Costello, 299 F.3d 129, 133 (2d Cir. 2002) (denial of procedurally defaulted claims in first habeas petition is "on the merits" even though the underlying merits of the claims were not reviewed, necessitating authorization from court of appeals); Harvey v. Horan, 278 F.3d 370, 379-80 (4th Cir. 2002)

(denial on grounds of procedural default constitutes an adjudication on the merits and thus renders a subsequent § 2254 petition "second or successive"); Caton v. Clarke, 70 F.3d 64, 65 (8th Cir. 1995) (interpreting prior law).

Accordingly, this petition is a "second or successive application" under § 2244(b) and thus requires prior Court of Appeals authorization. While Petitioner presents several arguments as to why he believes he should be allowed to proceed with a successive application, those are arguments which should be presented to the Eighth Circuit Court of Appeals.

III.

Respondent's motion to dismiss (docket entry #12) should, therefore, be GRANTED, and this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry #2) should be DISMISSED without prejudice to refiling if Petitioner obtains the necessary order from the United States Court of Appeals for the Eighth Circuit.

DATED this 10th day of July, 2006.

_____
UNITED STATES MAGISTRATE JUDGE